

# NUMBER 13-26-00528-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE RYANT CONNELLY

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Peña, West, and Fonseca**
**Memorandum Opinion by Justice Peña[1]**

By pro se petition for writ of mandamus, relator Ryant Connelly a/k/a Ryant Edgeorge Connelly seeks to compel the trial court to correct his jail time credit in trial court cause number CR13004001-B in the 117th District Court of Nueces County, Texas. Relator also filed a motion for emergency relief requesting this Court to void a "blue warrant"[2] and discharge him from confinement. Relator previously filed a direct appeal

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] A "blue warrant," also known as a "parole revocation warrant" or a "parole hold," is an arrest

from the trial court's judgment revoking his community supervision in this same case. *See Connelly v. State*, No. 13-21-00354-CR, 2023 WL 2029139, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 16, 2023, no pet.) (mem. op., not designated for publication) (affirming the trial court's judgment).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3, 52.7.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Relator's petition fails to comply with the Texas Rules of Appellate Procedure, and relator

---

warrant issued by the Texas Board of Pardons and Paroles when a parolee is suspected of violating the conditions of parole. *See Taylor v. State*, 692 S.W.3d 692, 701 n.6 (Tex. App.—Corpus Christi–Edinburg 2023, pet. ref'd).

has wholly failed to provide an appendix or record in support of his request for relief. *See generally* TEX. R. APP. P. 52.3, 52.7. Accordingly, we deny the petition for writ of mandamus and relator's motion for emergency relief.

L. ARON PEÑA JR.<br>
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
14th day of July, 2026.